## OBADIAH S. BOYDEN et al.

### v.

## DAVID BRAGAW.

It is not within the recognized powers of a court of equity to grant its mandate requiring the trespasser to remove a monument which he has erected upon a grave-plot without the permission of the owner, the remedy at law being adequate for such trespass.

On final hearing.

*Mr. John J. Joyce* and *Mr. William B. Guild,* for the complainants.

*Messrs. Coult & Howell,* for the defendant.

BIRD, V. C.

This bill is filed to obtain a mandatory injunction requiring the defendant to remove a tombstone which he erected upon a plot of ground belonging to the complainant in a cemetery. The defendant's wife, who was sister to the complainant, having died, the complainant, after considerable delay and hesitation, consented that the defendant might bury her in said plot. After she was so buried, upon application by the defendant, the complainant consented that he might place gravestones to mark the location of the grave. Instead of placing the ordinary slab or stone to mark the grave, the defendant erected a monument as near the head of the grave as he reasonably could. To do this in a proper manner, it was necessary to lay a substantial stone foundation. The monument placed upon this was at the base two feet and eleven inches square.

Supposing the action of the defendant to have been illegal, the first question that presents itself is whether or not the complainant is entitled to the aid of this court. His counsel, in his brief, undertakes to answer this inquiry by insisting that this court will interfere in cases where the trespass is a continuing one, and also where a multiplicity of suits will be prevented. It is admitted that the act complained of is simply a trespass. According to Blackstone, the owner of the fee in such case may bring an action of trespass against any who dig and disturb the soil. *2 Bl. Com. 429; Meagher* v. *Driscoll, 99 Mass. 281; Smith* v. *Thompson, 55 Md. 5; 1 Add. Torts § 457.* It being a trespass, can it be said to be of a more serious nature than any ordinary invasion of the rights of property by force, to redress which requires more than a single action at law? In other words, can it be said that the remedy at law is inadequate?

Courts of equity interfere to prevent the commission of waste or trespass, when the injury is threatened by an insolvent person.

*Wilson* v. *Hill, 1 Dick. Ch. Rep. 367,* and cases cited; *West* v. *Walker, 2 Gr. Ch. 279; 1 High Inj. 671, 674; Worthington* v. *Moon, 8 Dick. Ch. Rep. 46.*

Or where it will work irreparable damage to the inheritance. *Hart* v. *Leonard, 15 Stew. Eq. 416; Cornelius* v. *Post, 1 Stock. 199; De Veney* v. *Gallagher, 5 C. E. Gr. 33; Scudder* v. *Trenton Delaware Falls Co., Sax. 694; Southmayd* v. *McLaughlin, 9 C. E. Gr. 181; High Inj.* § *673; Fulton* v. *Greacen, 9 Stew. Eq. 216; Kerr Inj. 289.*

But in this case the mischief has been accomplished.    Being done, it is no more a continuing trespass than any other of a like nature, such, for example, as cattle continuing to pasture upon land not belonging to the owner of the cattle, or stones or timber or any other like personal property placed upon land not belonging to the owner of them and allowed to remain there without permission.    In every such case the only question which the law recognizes as a guide is, what damage has the injured party sustained by the illegal act?    In other words, how much will it require to restore him to his original rights or condition? *Duke of Newcastle* v. *Broxtowe, 4 Barn. & Ad. 282.*    In this case, which was in trespass, the plaintiff was allowed that which it was computed it would cost him to reconstruct buildings which had been forcibly destroyed.

In the case before me, the inquiry in a suit at law plainly would be, what would it cost the plaintiff to remove the monument and to restore the plot to the condition in which the defendant found it when he first invaded the premises?    This could be as readily ascertained as in any of the numerous acts of trespass with which jurors under our system of jurisprudence are constantly dealing.

Therefore it seems to be my plain duty to advise that the bill be dismissed, with costs.